CHARLES FRANCIS ADAMS *et al. vs.* PAUL GRAND D'HAUTEVILLE *et al.*

FEBRUARY 7, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill for the construction of the wills of Frederic S. Grand d'Hauteville, Sr., late of Newport, Rhode Island, deceased, and of the will of his son, Frederic S. Grand d'Hauteville, Jr., late of Vevey, Switzerland, deceased. The cause was heard in the superior court on bill, answer, replication and proof, and when it was ready for hearing for final decree that court, in accordance with general laws 1938, chapter 545, §7, certified the cause here for our determination.

Frederic S. Grand d'Hauteville, Sr. died June 15, 1918, leaving surviving him his widow Susan W. Grand d'Hauteville, two sons, Frederic S. Grand d'Hauteville, Jr. and Paul Alexander Grand d'Hauteville, and one daughter, Renee E. Boissier. After making certain devises and bequests with which we are not concerned here, he devised and bequeathed the residue of his estate, by the seventh paragraph of his will, to trustees to pay one fourth of the net income thereof to his wife for life, and, subject thereto,

> "to divide the whole of said residue into as many shares as I have children me surviving and children dying before me who leave issue me surviving, and to pay the net income of one share to each child during his or her life, and on his or her death to pay over, transfer, and convey the principal of such share, including all shares accrued by survivorship, as such child may by his or her last will appoint, and in default of appointment

then to the issue then living of such child, *per stirpes* and not *per capita,* in fee and absolutely, and if no such issue is then living then for the benefit of my then surviving children and the issue then surviving of any deceased child of mine, such issue taking *per stirpes* and not *per capita*; the portion of each of my then surviving children to be held and disposed of upon the same trusts, in the same manner, and with the same limitations as his or her original share, and the portion for the surviving issue of deceased children to be paid over, transferred, and conveyed to them absolutely and in fee."

Under the tenth paragraph of his will the testator provided as follows:

"Each of my sons may at any time or times request in writing the trustees under this will to pay over, transfer, and convey to him the share of said residue to the income of which he shall then be entitled, or he may so request them to pay over, transfer, and convey to him any portion of said share or any sum out of said share, and the trustees shall pay over, transfer, and convey to him accordingly, absolutely and in fee . . . ."

And by the eleventh paragraph he gave his daughter a like power except that she could not exercise it until she was thirty years of age, and then only as to one half of the corpus, the other half being subject to withdrawal by her, in the discretion of the trustees, upon her reaching the age of forty-five years.

The widow died September 28, 1928. Thereafter none of the children exercised his or her right of withdrawal under the will. On July 20, 1944 Frederic S. Grand d'Hauteville, Jr., hereinafter referred to as Frederic, Jr., died and left two wills, one to govern the disposition of his property in Switzerland, where he was domiciled at his decease, and the other, which was referred to by counsel as his "American will", to govern the disposition of all of his estate except that situated in Europe. We are concerned here only with his American will, so called, and especially with the introductory clause and the third clause thereof. These clauses read as follows:

"I, Frederic S. Grand d'Hauteville, a citizen of Switz-erland, residing at the Chateau d'Hauteville, Vevey, Switzerland, being of sound mind and disposing memory, do make, publish and declare this to be my Last Will and Testament of and concerning all of my American property, both real and personal, including all real estate in the United States of America and all personal property in the United States of America owned by me and over which I may have a power of appointment, and I elect that the testamentary disposition of this will shall be construed and regulated by the laws of the State of New York and that the provisions of this will shall prevail over the provisions of any will now or hereafter made by me insofar as said will purports to affect my real and personal property situated in the United States of America, hereby revoking all former or other wills or codicils by me made insofar as they affect my American property, either real or personal or any part thereof."

"Third: All the rest, residue and remainder of my property, both real and personal, situated in the United States, I give, devise and bequeath to my brother, Paul Grand d'Hauteville, and my sister, Renee' E. Boissier, to be equally divided between them; or should either of them predecease me, leaving issue, then I give, devise and bequeath the share which the one predeceasing me would have taken if living to his or her heirs, per stirpes and not per capita. . . . ."

Strictly considered, the bill of complaint seeks the construction only of the will of Frederic, Jr., because the sole question presented by the pleadings is whether or not he has exercised the power of appointment given to him by his father's will. We shall, therefore, proceed to the consideration of that question.

It is conceded by all the parties, and it is the law, that whether a power has been exercised is to be decided by the law of the domicile of the donor of the power. *Cotting* v. *De Sartiges,* 17 R. I. 668; *Bancroft* v. *Bancroft,* 68 R. I. 406. The will of Frederic S. Grand d'Hauteville, Sr., being a Rhode Island will, the power given therein to Frederic, Jr. is governed by the law of this state. We are not called upon

otherwise to construe any part of the father's will, but we have quoted from it above to show the nature of the disposition made therein in connection with Frederic, Jr. and the persons who are beneficiaries under his will. Such quotations also serve to make clear who are the adversary parties here. While the trustees under the will of Frederic .S. Grand d'Hauteville, Sr. brought this bill for construction, the controversy over its construction is really between the executors under the will of Frederic, Jr. and the guardian *ad litem* of certain minor respondents and of other persons not in being, on the one side, and Paul A. Grand d'Hauteville and Renee E. Boissier, on the other.

The executors and the guardian *ad litem* contended before us that, in the light of the circumstances in which Frederic, Jr. made his American will, it is clear that he did not intend to exercise the power of appointment given to him by his father's will. In support of this contention they claim that, in searching for the testator's intention, we should not confine ourselves to the four corners of his will but that we should consider the evidence of the contents of two prior wills which he executed, of the different family circumstances surrounding him at the execution of each will, and of the financial condition of his brother Paul and his sister Renee at the time of the execution of his American will; and that we should also consider the effect that the federal estate tax act would have had upon his estate at the time he executed that will, if he had really exercised therein the power of appointment given to him by his father's will. Over the objection of the respondents, Paul A. Grand d'Hauteville and Renee E. Boissier, the superior court admitted such evidence dehors the will and it is in the record before us.

Respondents Paul A. Grand d'Hauteville and Renee E. Boissier objected in this court to the consideration by us of any such evidence. They argued that it was inadmissible because, by force of G. L. 1938, chap. 566, §9, a general devise or bequest in a will operates as an exercise of a

power of appointment in the testator, unless a contrary intention appears in the will. They further argue that that statute creates a rule of substantive law and that when that rule is applied to the will under consideration it precludes any resort to evidence dehors the will to import into it any intention on the testator's part not to exercise the power. Resort to such evidence for that purpose, they argue, is tantamount to a disregard of the plain language of the statute which provides that if an intention of the testator contrary to the express statutory intent is to be found it can only be found in the will itself.

The provisions of §9 are as follows: "A general devise of the real estate of the testator, or of the real estate of the testator in any place or in the occupation of any person mentioned in his will, or otherwise described in a general manner, shall be construed to include any real estate or any real estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power, unless a contrary intention shall appear by the will; and in like manner a bequest of the personal estate of the testator or any bequest of personal property described in a general manner, shall be construed to include any personal estate or any personal estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power, unless a contrary intention shall appear by the will."

Under that language, which in our opinion is free from ambiguity, the common-law rule in this matter, as set out in *Mason* v. *Wheeler*, 19 R. I. 21, at pages 22 and 23, is reversed. Formerly the obligation to prove that the testator intended to exercise the power, although he did not expressly do so in his will, was upon the party asserting that such was nevertheless the intention of the testator. Now, by virtue of the statute, the obligation is upon the party who asserts an intention of the testator to the contrary to prove

such contrary intention by expressions in the will itself. In our view there is no justification, under that statute, for the consideration by us of evidence outside the will in order to determine whether the testator had such a contrary intention, unless the will is ambiguous.

The executors have cited *Boston Safe Deposit & Trust Co.* v. *Prindle*, 290 Mass. 577, and other cases in support of their contention that, in order to determine whether or not the testator intended to exercise the power of appointment given to him by his father, we should consider evidence of circumstances surrounding the testator at the time he executed his will. We have examined those cases and are unable to follow them, because the explicit language of our statute requires that an intention not to exercise the power must appear in the will itself.

The executors argue that the testator's omission to exercise expressly the power of appointment given him by his father "is significant in view of the careful and precise exercise of the power under the David Sears Trust contained in paragraph Second of the will." They state that the value of the property subject to the exercise of that power is $21,000 and the value of the property subject to the power given to testator by his father is $386,000. And from those facts they argue that the deduction is impelled that the exercise expressly of the power over the smaller trust and failure to do the same over the larger trust indicates that it was the intention of the testator not to exercise the latter power. We do not think so.

The power under the "Sears Trust", which testator exercised by the second clause of his will, was a special power to appoint "such one of the issue of my said father's grandfather as should be living at my death". Such a power necessarily required express exercise strictly in accordance with its terms. The fact that the testator did so exercise it and did not so exercise the general power given to him by his father raised no ambiguity in his will.

That he had two such dissimilar powers to appoint and

that he expressly exercised one and left the other to become operative, without express statement other than appears in the introductory clause of his will, cannot reasonably be argued to show that the testator did not intend to exercise the other power. This is not such a circumstance appearing in the will as would prove an intention of the testator contrary to his intent, as provided by the statute.

In *Rhode Island Hospital Trust Co.* v. *Dunnell,* 34 R. I. 394, 398, this court said that the statute in question here was "a literal copy of Sec. 27 of the English Wills Act, 1 Vict. c. 26", and that such act had "received a definite construction long prior to its adoption in this State". The court, therefore, held that our statute should be construed consistently with that construction. And at page 400 of its opinion the court adopted the view of the English court that slight circumstances should not be relied upon as evincing a contrary intention of the testator, quoting Wood, V. C. in *Scriven* v. *Sandom,* 2 J. & Hem. 743, as follows: "There is no contrary intention within the meaning of the statute, unless you find something in the will inconsistent with the view that the general devise was meant as an execution of the power. It would not be a safe rule to proceed upon, to pick out little circumstances, and infer from them whether the testator had or had not in his mind the intention of exercising the power; there ought to be shown something which can fairly be described as inconsistent with such an intention." In the case at bar there is obviously no inconsistency with the statute in the fact that Frederic, Jr. expressly exercised the special power to appoint under the "Sears Trust" and did not so exercise the power under the trust in his father's will.

However, the executors argue that in *Hooker* v. *Drayton,* 69 R. I. 290, involving the exercise of a power of appointment, we went beyond the will itself and considered evidence of circumstances surrounding the testator when he executed his will. It is true that we did so; but there we were concerned with a question of the incidence of estate taxes on

the estate of the donee of a power that had been exercised, and not with the precise question confronting us here, namely, whether the testator had actually exercised the power. Furthermore, G. L. 1938, chap. 566, §9, was neither involved nor considered in that case.

In the case at bar the controversy is over the question whether the testator Frederic, Jr. by his will exercised the power given to him by his father's will, and §9 is necessarily involved. Such statute is a rule of law which governs the testator's will, unless the language of the will itself shows that the testator had a contrary intent. The *Hooker* case is, therefore, clearly not in point and we cannot consider any of the evidence dehors the will which is in the record here and on which the executors and the guardian *ad litem* rely.

Looking then only at the language of the testator in his American will and in no other will, and searching therein for some indication of an intention on his part not to exercise the power given to him by his father's will, we are forced to conclude that his entire will is utterly barren of any such indication. In view of the express declaration of the testator in the introductory clause of his will, there is much to be said for the contention of the respondents, Paul A. Grand d'Hauteville and Renee E. Boissier, that, even regardless of the statute, the testator has, himself, affirmatively indicated that his will should operate not only on his own estate, properly so called, but also on all property in the United States of America over which he had a power of appointment.

But be that as it may, it is clear, in our opinion, that the statute operates to make the general residuary devise and bequest of real and personal property in the third clause of his will an appointment of the property designated under his father's will. We, therefore, answer that Frederic S. Grand d'Hauteville, Jr., by his will, exercised the power of appointment given to him by the seventh paragraph of the will of Frederic S. Grand d'Hauteville, Sr.

On February 14, 1947, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Swan, Keeney & Smith,* Providence; *Dana M. Swan,* Providence; *Charles E. Tilley,* Providence; *Frank H. Swan, Jr.,* Providence, for complainants.

*Perkins, Higgins & McCabe,* Providence, for respondents Charles Francis Adams and J. Seymour Montgomery, Jr., as Executors under will of Frederic S. Grand d'Hauteville, Jr.

*Francis J. Brady,* Providence, for respondents Paul Grand d'Hauteville and Renee E. Boissier.

*Francis J. O'Brien,* Providence, Guardian *ad litem* for minor respondents and any persons not in being.

*Sewall Key,* Washington, Acting Asst. Attorney General; *J. Louis Monarch, Andrew D. Sharpe, Leland T. Atherton,* Special Assistants to the Attorney General; *George F. Troy,* Providence, United States Attorney; *Edward M. McEntee,* Providence, Asst. United States Attorney, for Joseph D. Nunan, Jr., Commissioner of Internal Revenue.